DAVID YOUNGMAN, Respondent, *v.* NEW YORK INDEMNITY COMPANY OF NEW YORK, Appellant, Impleaded with SAMUEL SILVER, INC., Respondent.

Supreme Court, Appellate Term, First Department, April Term — Filed May, 1923.

Parties — action for work, labor and services — goods stolen while in plaintiff's hands — defendant may not bring in as party defendant insurance company which had issued policy of burglary insurance covering goods — Civil Practice Act, § 271.

The rule of liberal construction does not justify any court in taking liberties with the plain language of the Civil Practice Act or in construing the same to mean something entirely different from its clear and obvious meaning.

Before the work of making into garments certain raw materials, furnished by defendant S., was entirely completed, the garments were stolen from the premises where they were being manufactured. In an action for work, labor and services, the amended answer of S., after certain denials and admissions, set up among other affirmative defenses, payment and the failure of plaintiff completely to perform as a condition precedent, and pleaded as a counterclaim facts showing that an indemnity company made a party defendant pursuant to an order granted *ex parte* on motion of defendant S., had issued to defendant S. a policy of burglary insurance covering the goods in question and demanded judgment against the insurance company in a certain sum, but all that the answer of said S. asked against the plaintiff or his assignor was a dismissal of the complaint. *Held,* that a motion made by the insurance company before replying to the counterclaim, to have its name stricken out as a party defendant as well as the allegations of the answer relating thereto, should have been granted.

The right of the insurance company to make such motion was not affected by the *ex parte* order and an order denying the motion will be reversed, with costs, and the motion granted, with costs.

The counterclaim raised no " questions between " the principal defendant " and the plaintiff along with any other persons " under section 271 of the Civil Practice Act, nor would the plaintiff be a proper party defendant if " such counterclaim were to be enforced by cross-action " as provided by said section 271.

APPEAL by defendant, New York Indemnity Company of New York, from an order of the City Court of the city of New York, denying its motion to strike out its name as defendant, and all allegations in the amended answer relating thereto.

*Prince & Loeb* (*Sidney J. Loeb,* of counsel), for appellant.

*Samuel Blumberg* (*Gustave Leight,* of counsel), for defendant, respondent.

*Benjamin B. Greller,* for plaintiff, respondent.

DELEHANTY, J. The action was brought against the defendant Samuel Silver, Inc., to recover for work, labor and services in manufacturing into garments, certain raw materials furnished by said defendant. Before the garments were entirely completed they were stolen from the premises where they were being manufactured. The said defendant had a policy of insurance against loss by burglary issued by the New York Indemnity Company which it is claimed covered the loss of the goods in question. After the action was commenced the said defendant obtained an *ex parte* order to bring in said insurance company as a party defendant. The amended answer bringing in the insurance company as a party defendant contains certain denials and admissions, and sets up certain alleged affirmative defenses including among others a plea of payment, and the failure of plaintiff to completely perform, as a condition precedent, and that the plaintiff's assignor and

not the plaintiff was the real party in interest.   The said answer then sents up an alleged counterclaim against the said defendant New York Indemnity Company alleging facts showing the issue to the defendant Samuel Silver, Inc., of a policy of burglary insurance covering the loss of the goods in question and demands judgment against its codefendant, the said insurance company, for over $5,500; but the answer does not set up any counterclaim against the plaintiff or the plaintiff's assignor, and merely asks that the complaint be dismissed.   Before replying to this counterclaim the insurance company made the present application to have its name struck out as a party defendant as well as the allegations in the answer relating thereto.

The motion should have been granted.   The material provisions of section 271 of the Civil Practice Act, under which the respondent claims the insurance company should be compelled to remain a party defendant, are as follows:   " Where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons, he shall set forth the names of all the persons who, if such counterclaim were to be enforced by cross-action, would be defendants to such cross-action. Where any such person is not a party to the action he shall be summoned to appear by being served with a copy of the answer." Thus it is clearly seen that it is only in cases " where a defendant sets up any *counterclaim* which raises questions *between himself and the plaintiff along with* any other persons " that such " other persons " can be made parties defendant against their consent, and only where they " would be defendants " to a " cross-action " to enforce such counterclaim.

In the instant case, as already indicated, the defendant does not set up " any counterclaim " either against the assignor of the claim sued upon, or against the plaintiff himself.   Hence, of course, the defendant's counterclaim against the insurance company alone does not raise any " questions between " itself " and the plaintiff along with any other persons."   So, too, the plaintiff would not be a proper party defendant if " such counterclaim were to be enforced by cross-action."

The evident purpose of this section was to cover cases where, for example, a defendant is sued upon a several liability and he has a counterclaim against the plaintiff and another person or persons who are jointly indebted to him on such counterclaim. Many other cases also might properly come within the provisions of that section, but it is unnecessary to attempt to indicate its scope.   The court will liberally construe the provisions of the

44

Civil Practice Act in order to carry out its remedial purpose, but that does not justify any court in taking liberties with the plain language of the statute, or in construing its language to mean something entirely different from its clear and obvious meaning.

The other sections of the Civil Practice Act referred to by the respondent have no application. The authorities relied upon do not support the claims of the respondent, but do tend to sustain the contention of the appellant. The *ex parte* order, of which the insurance company had no notice, was in no way binding upon it, and did not affect its right to make the application in question.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

GUY and BIJUR, JJ., concur.

Order reversed.