CITIZENS TRUST COMPANY OF UTICA, N. Y., Plaintiff, *v.* ANDREW ZOLLER and Others, Defendants.

Supreme Court, Oneida County, August (Received September, 1923).

**Negotiable instruments — action on note — practice — right of holder to sue certain indorsers and not others — injunction restraining plaintiff from entering judgment pending determination of motion to bring in other indorser as defendant will be vacated.**

At the time a promissory note came into the possession of plaintiff for a good and valuable consideration it was indorsed by the payee and three other indorsers. *Held,* that in an action brought against only two of the indorsers and they being in default, a motion to vacate a temporary injunction restraining the entry of judgment and further proceedings pending the hearing and determination of a motion to make the indorser who was not sued a party defendant, will be granted.

The plaintiff under section 216 of the Civil Practice Act had the right to proceed against such of the parties to the note as it saw fit and enter judgment against those sued.

Each of the defendants and the indorser not sued having made a separate and distinct contract with plaintiff as indorsers were separately liable to it.

The action being one that could be brought joint or several at the election of the plaintiff no right existed to bring in other indorsers as parties defendant.

MOTION to vacate injunction.

*Dunmore, Ferris & Dewey,* for motion.

*C. J. Fuess,* opposed.

MARTIN, LOUIS M., J.   This is an action brought by the holder in due course of a promissory note made by the Utica Field and

Gun Club, payable to defendant Andrew Zoller. At the time said note came into possession of the plaintiff for a good and valuable consideration, it was indorsed by the payee, defendant Zoller, defendant Harold C. Leffeldt, one Harvey Lancaster and defendant Edward G. Wehl, in the order named. Payment was refused and note duly protested. Action by plaintiff as holder commenced against said defendants Zoller, Leffeldt and Wehl; the Utica Field and Gun Club and Lancaster were not made parties.

A motion is pending to make said Lancaster a party defendant, and a temporary injunction was granted pending such motion, restraining entry of judgment and further proceedings until determination of motion. The pending application is to relieve plaintiff from this injunction. The defendants therein are in default, and, therefore, plaintiff has a right to enter judgment. The plaintiff herein had the right to proceed against such parties to the instrument as it might elect. Civ. Prac. Act, § 216.

The defendants and said Lancaster each made a separate and distinct contract as indorsers with the plaintiff and are, therefore, separately liable to the plaintiff. *Chemical National Bank* v. *Kellogg*, 183 N. Y. 92, 94, citing *Spies* v. *National City Bank*, 174 id. 222, 225; *Carnegie Trust Co.* v. *Kistler*, 89 Misc. Rep. 404, 410; *Horowitz* v. *Wollowitz*, 59 id. 520, 523; Neg. Inst. Law, § 116.

There being no controversy between the parties that requires the bringing in of new parties, section 193 of the Civil Practice Act does not apply.

This being an action that can be brought joint or several as the plaintiff may elect, no right exists to bring in other indorsers as parties defendant. Section 271 of the Civil Practice Act applies only to a case " where a defendant sets up any counterclaim which raises questions between himself and the plaintiff along with any other persons." *Youngman* v. *New York Indemnity Co.*, 120 Misc. Rep. 687.

The defendant Zoller has set up no counterclaim against this plaintiff, but simply claims relief from another indorser and seeks to obtain it by forcing plaintiff to commence an action against such indorser which plaintiff is under no legal obligation to do.

There is no nonjoinder or misjoinder of parties to allow the bringing in of new parties under section 192 of the Civil Practice Act, neither is there any controversy between defendants themselves to be settled by cross-answers as provided by section 264 of the Civil Practice Act.

The motion to vacate the restraining clause and stay of proceedings in the order of August 9, 1923, is granted, without costs.

Ordered accordingly.