TRAVELERS INSURANCE COMPANY, Plaintiff, *v.* EUGENE FOELDES et al., Defendants.

County Court, Suffolk County, August 4, 1948.

*Robert E. Gnos* for plaintiff.

*Philip Olan* for defendants.

RITCHIE, J.   A truck owned by Blue Point Individual Laundry, Inc., was involved in an accident with an automobile owned by the defendant Eugene Foeldes and operated by his wife, Ethel Foeldes.

The laundry company held a collision policy issued by the Travelers Insurance Company, and after the accident the Travelers Insurance Company paid the laundry company for its damages and took an assignment of interest of any cause of action or right of action it had against Mr. and Mrs. Foeldes.

Thereafter, the insurance company brought action in this court for damages against Mr. and Mrs. Foeldes.  The defendants Foeldes interposed an answer, the caption of which reads as

follows: " The Travelers Insurance Company, plaintiff, against Eugene Foeldes and Ethel Foeldes, and Blue Point Individual Laundry, Inc., *impleaded defendant,* defendants."

Such answer, after interposing certain denials, further reads as follows: " As and for a counterclaim in behalf of the defendant, Eugene Foeldes against Blue Point Individual Laundry, Inc., plaintiff's assignor, the defendant, Eugene Foeldes, alleges: ". and then continues by setting forth matters alleging the negligence of the laundry company and their own freedom therefrom, and demands judgment dismissing the plaintiff's complaint, and for judgment on their counterclaim against the laundry company.

The plaintiff moves for an order dismissing the counterclaim on the grounds that it is not one that can be properly interposed in an action of this kind.

The defendants Foeldes contend that they have proceeded in accordance with section 271 of the Civil Practice Act, which is the proper way to bring in an assignor in the instant case.

Under section 271 of the Civil Practice Act, a defendant is permitted to set up a counterclaim which raises questions between himself and the plaintiff *along* with other persons. (*Youngman* v. *New York Indemnity Co.*, 120 Misc. 687.) The counterclaim interposed here, does not raise any question between the defendants and the plaintiff, but only with a corporation which is not a party to the action. Therefore, it is obvious that this section does not apply.

Neither does it appear that section 193-a of the Civil Practice Act has any application. Thereunder, a defendant, after he has answered the complaint in the main action, may bring in a person not then a party, who may be liable over to him for all or part of the plaintiff's claim. The purpose of this section is to determine in a single suit not only the original claim, but the added party's liability *therefor.* Liability " over " to the party originally sued for all or part of the plaintiff's claim in the main action is a necessary requirement. A recovery by the plaintiff against the defendant remains a condition for recovery over by the defendant against a third party. (*Cloud* v. *Martin,* 273 App. Div. 769.) Obviously, the laundry company cannot be liable over for the plaintiff's claim.

Therefore, the motion is granted without prejudice to the defendants Foeldes to bring suit against the Blue Point Individual Laundry, Inc., which suit can thereafter be consolidated with the action instituted by the Travelers Insurance Company, provided no prejudice results therefrom.