OPINION OF THE COURT
Rolando T. Acosta, J.
Respondent New York City Loft Board, which was not an original party in the commercial summary proceeding between petitioner and respondent Bal, was brought into this proceeding by virtue of respondent Bal’s assertion of a counterclaim against the Loft Board in respondent Bal’s answer to the petition. Respondent Loft Board moves to dismiss the counterclaim upon the ground that the Loft Board was not properly brought into the proceeding by respondent Bal. The motion, which the court hereby restores to the calendar,[1] requires the court to determine whether respondent Bal’s mailing of its answer with the counterclaim upon respondent Loft Board was sufficient to bring respondent Loft Board into the proceeding (or to otherwise acquire personal jurisdiction over respondent Loft Board), under CPLR 3019, which authorizes respondents to assert a counterclaim against nonparties, or CPLR 1007, which authorizes respondents to commence third-party actions against nonparties.
Background and the Contentions of the Parties
This commercial summary proceeding was commenced against respondent Bal for nonpayment of rent. The subject premises is alleged to be a commercial space in a loft. Respondent Bal, however, has contended all along that the space is “residential” and commenced a proceeding before the New York City Loft Board to have the subject building declared an interim multiple dwelling so that he could benefit from the protection afforded to residential tenants under the Loft Law. (See, Multiple Dwelling Law § 281 [1] [iii].)
Although the Board, in 1997, ultimately denied respondent Bal’s application — finding that the subject premises did not qualify as a “residential” unit during the statutory window period — and the Board’s determination was recently confirmed by *134 the Appellate Division,[2] respondent Bal, in his answer to the nonpayment petition, asserts a counterclaim against the New York City Loft Board.
Respondent’s “First Counterclaim Against the New York City Loft Board” alleges:
“29. The Loft Board, without my knowledge or consent and despite my being a party to the action, removed that matter [before the Loft Board] from its calendar thereby causing a nearly ten year delay.
“30. The Loft Board denied my requests to restore this matter [before the Loft Board] to the calendar.
“31. The Loft Board disobeyed, for ten years, an order of [a] Justice * * * of the New York State Supreme Court to conduct a remand hearing regarding my apartment.
“32. The Loft Board is, in part, responsible for the accumulation of any of the $16,000 of rent that may be due and punitive damages of $50,000.”
The counterclaim is not expressly directed at, and does not even name, petitioner. Respondent Bal alleges in other portions of his answer, however, that petitioner himself “removed the matter from the Loft Board” and “deliberately delayed resolution of th[e] Loft Board matter for approximately ten years.”
Respondent Bal’s answer containing the counterclaim was served upon respondent Loft Board by certified mail only, and the Loft Board promptly moved to dismiss the counterclaim asserted against it. Respondent Loft Board contends, inter alia, that it was not properly brought into the proceeding because the Board “was not a named party in this proceeding when the answer was received” and “[u]nder C.P.L.R. 3019, a counterclaim * * * may be asserted against the plaintiff’ only. Thus, any claim which respondent Bal may have against the Loft Board, according to the Board, “constitute [s] a third-party action and cannot be designated as a ‘counterclaim.’ ” Further, respondent Board contends that because the Board was never served, as required by CPLR 1007, with a third-party complaint/petition, or for that matter, with any other prior pleadings such as the petition and the notice of petition, a third-party action was not properly commenced against the Loft Board. Thus, respondent Bal’s claim, insofar as it is asserted against the Loft Board, must be dismissed, according to respondent Board.
*135 Opposing the motion, respondent Bal argues that any mistake which he may have made in asserting and designating the counterclaim was “harmless” and should be disregarded.
Discussion
CPLR 3019 delineates who may be the proper subject of a counterclaim and sets forth the procedure for asserting a counterclaim against a nonparty. That rule provides, in pertinent part, that a counterclaim is a “cause of action” which may be asserted “against one or more plaintiffs * * * or a plaintiff and other persons alleged to be liable.” (CPLR 3019 [a] [emphasis added].) Further, when the counterclaim alleges that “a person not a party is * * * liable a summons and answer containing the counterclaim * * * shall be filed, whereupon he or she shall become a defendant.” (CPLR 3019 [d].)
Personal jurisdiction is acquired over such a defendant (former nonparty) “by serving a summons and answer containing the counterclaim.” (CPLR 3019 [d].) Service of such pleadings upon a new defendant shall be “in the manner provided for service of a summons” (CPLR 3012 [a]) — that is, as prescribed by article 3. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:19, at 220.)
Given the express language of the counterclaim statute, it is clear that respondent Board’s contention that counterclaims may only be brought against a named plaintiff/petitioner is wrong. Pursuant to CPLR 3019 (a), a counterclaim may be properly asserted against a plaintiff, or “a plaintiff and other persons alleged to be liable” (emphasis added), such as the respondent Board. Thus, a defendant may properly bring a nonparty into a proceeding through a counterclaim, as long as the counterclaim is asserted against both a named plaintiff and an unnamed third party who the already-named defendant claims is liable.
Although the language of CPLR 3019 (a) clearly encompasses the respondent Board since the Board is an “other person[ ] alleged to be liable,” respondent Bal’s counterclaim against the Board is nevertheless improper because the counterclaim is not alleged against the Board and petitioner, but is instead against the nonparty Board alone.
Respondent Bal merely alleges in the counterclaim that the Board is “responsible for the accumulation of any of the $16,000 of rent that may be due” to petitioner because the Board “removed [his application before the Loft Board] from its calendar thereby causing a nearly ten year delay.” Significantly, *136 the actual counterclaim is not expressly directed at, and does not even name, petitioner. Under these circumstances, it cannot be said that the purported cause of action contained in the counterclaim is asserted against “a plaintiff and other persons alleged to be liable.” (CPLR 3019 [a] [emphasis added].) Thus, the counterclaim asserted against respondent Board alone was improper and could not effectively bring the Board into the proceeding as a new additional respondent. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:6, at 212; see also, New York Indus. Centre Corp. v National Biscuit Co., 14 AD2d 761 [1st Dept 1961] [under the similarly worded predecessor rule to CPLR 3019— Civil Practice Act § 271 — Court held that additional defendants may not be brought into action on counterclaim that does not embrace plaintiff]; Youngman v New York Indem. Co., 120 Misc 687 [App Term, 1st Dept 1923] [same].)
Although the current counterclaim rule, unlike its predecessor, no longer requires that a defendant asserting a counterclaim allege that the plaintiff and the additional new defendant were “jointly liable” on the counterclaim (see, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3019.07), CPLR 3019 (a), by its express terms, requires at the very least that the counterclaim be asserted against a named plaintiff in addition to unnamed defendants sought to be joined. In this case, respondent Bal failed to meet this minimum requirement.[3]
In any event, even assuming that the counterclaim, although not actually naming petitioner, has a sufficient link to petitioner by virtue of the remainder of respondent Bal’s answer — which attempts to also blame petitioner, in part, for the removal and delay of the proceeding before the Loft Board — the counterclaim nevertheless must be dismissed because respondent Bal failed to properly serve respondent Loft Board pursuant to CPLR 3019 (d) and 3012 (a).
Respondent Bal’s fatal twofold mistake was in merely mailing the answer containing the counterclaim to respondent Board and in not even attempting to serve the petition upon respondent Board by any means at all. When a respondent, *137 such as respondent Bal, attempts to join an unnamed respondent by asserting a counterclaim in an answer, CPLR 3019 (d) requires that the respondent “serv[e] [upon the new party] a summons and answer containing the counterclaim.” Furthermore, since respondent Bal’s counterclaim clearly “assert[s] new or additional claims for relief,” CPLR 3012 (a) requires that the pleading be served upon respondent Board — “a party who has not appeared” — “in the manner provided for service of a summons” — that is, as prescribed by article 3. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:19, at 220.) Because respondent Bal clearly did not serve the summons and answer containing the counterclaim as prescribed by article 3 (see, CPLR 311, 312), the court lacks personal jurisdiction over respondent Board.
For the same (and additional) reasons, the counterclaim may not survive as, and may not be properly converted into, a third-party action under CPLR 1007, since that rule too requires that the third-party summons and complaint and prior pleadings, including the summons/petition, be served upon the prospective third party pursuant to article 3. (See, CPLR 1007; see also, Rosenblum v 170 W. Vil. Assocs., 175 AD2d 702 [1st Dept 1991].)
Thus, even assuming that the court has the power, pursuant to CPLR 3019 (d), to “treat” the cause of action in the counterclaim “as if it were contained in a [third-party] complaint” (ibid.), the counterclaim must be dismissed because of respondent Bal’s failure to comply with the applicable service provisions of CPLR 3019 (d); 3012 (a) and 1007.
Accordingly, the motion to dismiss is granted and the counterclaim asserted against respondent Board is hereby dismissed pursuant to CPLR 3211 (a) (8).

. Respondent Loft Board’s motion for an order dismissing respondent Bal’s counterclaim was previously marked off the calendar because of a stay which was then in effect in the proceedings. Inasmuch as the stay has now been vacated, the motion to dismiss is restored to the calendar.

. Matter of Amann v New York City Loft Bd., 262 AD2d 234 (1st Dept 1999).

. Although the court has serious doubts about the viability of respondent Bal’s cause of action against the Loft Board, the court refrains from sua sponte dismissing the counterclaim upon this ground pursuant to CPLR 3211 (a) (7), inasmuch as the parties have not had an opportunity to be heard on the question of whether respondent Bal has stated a cause of action against the Loft Board, or for that matter, whether respondent Bal has a cause of action against the Board.