■ STATE OF NEW YORK, Appellant, v ROBERT J. POULSON, Respondent. [810 NYS2d 523]—

Crew III, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered September 14, 2004 in Albany County, which, inter alia, granted defendant's motion to dismiss the complaint.

---

In 1992, Richard Dahle and Verla Dahle obtained a $413,232 judgment against Integrated Resources Equity Corporation (hereinafter IREC) in Oregon. Thereafter, the Dahles executed a satisfaction of judgment that was filed in Oregon in April 1992. Nevertheless, in February 2002, the Dahles assigned their interest in the Oregon judgment to Citi Surety Corporation, which assignment provided, among other things, that the Dahles would not attempt to collect or receive any part of the judgment.

Defendant, an attorney acting on behalf of Citi Surety Corporation, entered a judgment in Otsego County in favor of the Dahles against IREC. At the time, IREC had dissolved and plaintiff's Comptroller's Office of Unclaimed Funds was in possession of IREC's unclaimed funds. Defendant then issued property executions addressed to the Comptroller's Office of Unclaimed Funds directing that the Comptroller transfer any unclaimed funds due IREC to the Albany County Sheriff. In accordance with those directives, the Comptroller remitted the sum of $57,404.82 to the Sheriff who, in turn, transmitted the funds to defendant.

When plaintiff learned that the judgment in question had been satisfied, it commenced this action against defendant seeking to recover $57,404.82 on theories of negligence, money had and received and unjust enrichment. Defendant then moved to dismiss the complaint on the ground that it failed to state a cause of action. Supreme Court granted the motion finding that plaintiff's negligence claim sounded in malpractice and, absent privity, could not be brought against defendant. Supreme Court dismissed the remaining causes of action on the basis that they merely were duplicative of the malpractice claim. Plaintiff now appeals.

We affirm, albeit for reasons different than those expressed by Supreme Court. It long has been the rule that an attorney cannot be held civilly liable to a third party for his or her actions taken on behalf of a client except upon a showing of fraud or collusion, or a malicious or tortious act (*see e.g. Pancake v Franzoni*, 149 AD2d 575 [1989]). Moreover, where a plaintiff fails to expressly allege that his adversary's attorney was "motivated by 'malicious intentions', the conduct complained of does not give rise to liability as a matter of law" (*Nicoleau v Brookhaven Mem. Hosp. Ctr.*, 181 AD2d 815, 816 [1992], *lv denied* 80 NY2d 754 [1992]).

Here, the complaint as a whole is couched in terms of negligence. Nowhere are there any allegations of collusion or fraud and defendant is not accused of conduct motivated by ma-

licious intent. We reach a similar conclusion regarding the causes of action for unjust enrichment and moneys had and received which, although brought against defendant personally, nonetheless arise out of his alleged representation of the Dahles. Accordingly, the complaint was properly dismissed.

Cardona, P.J., Mercure and Spain, JJ., concur. Ordered that the order is affirmed, without costs.