Peters, J.
Appeal from an order of the Supreme Court (Egan, Jr., J.), entered June 4, 2007 in Albany County, which, among other things, granted plaintiffs motion for summary judgment.
Plaintiff commenced this action to recover money paid out of its abandoned property fund held by the Comptroller’s Office of Unclaimed Funds. The torturous facts giving rise to this claim are as follows. On January 28, 1992, a judgment was entered in an Oregon Circuit Court in favor of defendants Richard J. Dable and Verla Dahle against Integrated Resources Equity Corporation (hereinafter IREC), among others, in the amount of $413,232 (hereinafter the Oregon judgment). The Dahles subsequently received $156,000 on the Oregon judgment and, in April 1992, a full satisfaction of judgment, signed by the Dahles’s counsel, was entered in an Oregon court. Nevertheless, almost a decade later, the Dahles assigned their interest in the Oregon judgment to defendant Citi Surety Corporation. Then, on February 27, 2002, Citi Surety’s attorney filed the Oregon judgment in New York pursuant to CPLR 5402 and issued property executions for funds held by the Office of Unclaimed Funds in the name of IREC. The Comptroller thereafter turned over $57,404.82 to the Albany County Sheriff who, in turn, remitted the funds less his fees to Citi Surety’s attorney. When the Oregon judgment was again assigned in October 2002 to defendant International Asset Recoveiy Corporation (hereinafter defendant), the funds were turned over to defendant by Citi Surety’s attorney.
Prior to the assignment to defendant, the Comptroller, having *851 learned that a satisfaction of judgment had been filed with respect to the Oregon judgment, commenced an action against Citi Surety’s attorney seeking to recover the unclaimed funds that had been turned over to him. This Court ultimately affirmed the dismissal of the Comptroller’s suit on the ground that Citi Surety’s attorney could not be held civilly liable for actions taken on behalf of his client (State of New York v Poulson, 26 AD3d 650 [2006]). While that action was pending, the Dahles, through defendant, their assignee, commenced an action in Oregon seeking to set aside the satisfaction of judgment on the ground that it was made under duress. An Oregon Circuit Court held that, pursuant to Oregon’s 10-year statute of limitations, the Oregon judgment had expired on January 28, 2002, and the issue of the validity of the satisfaction of judgment was therefore moot.
Plaintiff subsequently commenced the instant action against defendant, Citi Surety and the Dahles seeking to recover the money paid on the allegedly expired and satisfied Oregon judgment. Defendant answered, asserting cross claims against the Dahles and a counterclaim against plaintiff. Defendant also asserted a second counterclaim against plaintiff, the Comptroller and John Dalton, Robert Harder and certain anonymous parties, all of whom were alleged to be officers or employees of the Comptroller or plaintiff. Plaintiff then moved for summary judgment on its claim for money had and received and for dismissal of defendant’s counterclaims, while the Comptroller, Dalton and Harder (hereinafter collectively referred to as the state officials) separately moved to dismiss the counterclaims asserted against them. Additionally, defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs and the state officials’ motions and denied defendant’s cross motion, prompting this appeal by defendant.
Defendant first contends that summary judgment was improperly awarded to plaintiff on its claim for money had and received because the Oregon judgment, although expired under Oregon law, became a New York judgment once it was filed in New York and was thereafter governed by New York’s 20-year limitations period for actions on a money judgment (see CPLR 211 [b]). We disagree. In accordance with the Full Faith and Credit Clause (US Const, art IY § 1), New York is required to give a foreign judgment only the same validity and effect as the judgment would be given in its state of rendition (see O’Connell v Corcoran, 1 NY3d 179, 184 [2003]; Boudreaux v State of La., Dept. of Transp., 49 AD3d 238, 240-241 [2008]). During the time period relevant to this appeal, Oregon law provided that *852 “whenever a period of 10 years elapses after the entry of a judgment in a circuit court, the judgment and any docketed or recorded lien thereof shall expire” (Or Rev Stat § 18.360 [1] [2002]). As found by the Oregon Circuit Court, the Oregon judgment expired as of January 28, 2002, approximately one month prior to the date it was entered in New York. Under these circumstances, to recognize the Oregon judgment in New York would be to give it greater effect than it would be given in Oregon (see Boudreaux v State of La., Dept. of Transp., 49 AD3d at 241; see Restatement [Second] of Conflict of Laws § 111, Comment a [“the judgment will not be enforceable in the other states so long as it remains unenforceable in the state of rendition”]). Further, CPLR 211 (b), which provides that a money judgment is valid and enforceable for a period of 20 years, “is subject to CPLR 202, the borrowing statute” and, consequently, “in an action by a nonresident plaintiff on a foreign judgment, New York will hold the action untimely if it is barred either under CPLR 211 (b) or under the corresponding statute in the foreign state” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C211:3, at 637; see Chesapeake Coal Co. v Mengis, 102 App Div 15, 16-18 [1905]; see also Shipman v Treadwell, 150 App Div 57, 58-59 [1912], affd 208 NY 404 [1913]). For these reasons, we agree with Supreme Court’s conclusion that because the Oregon judgment was expired and thus unenforceable under Oregon law on January 28, 2002, it was likewise unenforceable in New York subsequent to that date.
A cause of action for money had and received is established where “ ‘(1) the defendant received money belonging to [the] plaintiff, (2) the defendant benefited from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money’ ” (Matter of Witbeck, 245 AD2d 848, 850 [1997], quoting 22A NY Jur 2d, Contracts § 520, at 244; see Parsa v State of New York, 64 NY2d 143, 148 [1984]). Given that this is an equitable cause of action premised upon principles of unjust enrichment and governed by “broad considerations of right, justice and morality” (Parsa v State of New York, 64 NY2d at 148; see Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d 849, 852 [2003]), the fact that the funds turned over to defendant do not technically belong to plaintiff, but constitute abandoned property for which plaintiff acts as custodian until a claim for such property is made (see Abandoned Property Law § 1404 [1] [ii]), is not determinative on this issue. In our view, plaintiff has sufficiently demonstrated that defendant “received or is holding sums of money to which [plaintiff] is entitled” *853 (Hamlin Beach Camping, Catering, & Concessions Corp. v State of New York, 303 AD2d at 853; see Anesthesia Group of Albany v State of New York, 309 AD2d 1130, 1132 [2003]) and, therefore, summary judgment in favor of plaintiff on this cause of action was properly awarded.
We next address defendant’s counterclaims, which stem from the Comptroller’s denial of its separate claim for unclaimed funds held on behalf of IREC’s parent and sister corporations (hereinafter the Integrated companies). As to defendant’s first counterclaim, which in essence seeks a declaration that plaintiff wrongfully refused to turn over the aforementioned unclaimed funds and monetary damages incidental to such refusal, we find that it is not ripe for judicial review. It is well settled that an administrative determination is final, and thus ripe for review, only when the “ ‘decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury’ ” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519 [1986], cert denied 479 US 985 [1986], quoting Williamson County Regional Planning Comm’n v Hamilton Bank of Johnson City, 473 US 172, 193 [1985]; see Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]). Notably, “the controversy cannot be ripe if the claimed harm may be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party” (Church of St. Paul & St. Andrew v Barwick, 67 NY2d at 520; see Matter of Essex County v Zagata, 91 NY2d at 453; Matter of Schmitt v Skovira, 53 AD3d 918, 920 [2008]).
Here, by letter dated September 13, 2006, the Comptroller denied defendant’s claim and advised defendant of its right to an administrative hearing pursuant to Abandoned Property Law § 1406 (1) (b). Although defendant thereafter requested a hearing, one has yet to be held on the matter. Abandoned Property Law § 1406 (1) (b) provides that a final determination shall be made by the Comptroller after such a hearing, which alone is reviewable in a CPLR article 78 proceeding. Therefore, inasmuch as defendant’s claim is still under consideration and the hearing “might render the disputed issue moot or academic,” the Comptroller’s initial position on the matter “cannot be considered ‘definitive’ or the injury ‘actual’ or ‘concrete’ ” (Essex County v Zagata, 91 NY2d at 454; see Matter of Demers v New York State Dept. of Envtl. Conservation, 3 AD3d 744, 746 [2004]; Matter of Martin v Ambach, 85 AD2d 869, 871 [1981], affd 57 NY2d 1001 [1982]). Relatedly, defendant’s first counterclaim is also barred by its failure to exhaust available administrative remedies under Abandoned Property Law § 1406 (1) (b) *854 (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]).
Turning to its second counterclaim, defendant alleges violations of 42 USC § 1983 against plaintiff and the state officials, both in their official and individual capacities. However, given that these civil rights claims are wholly dependent on the Comptroller’s nonfinal decision denying defendant’s claim for unclaimed funds held on behalf of the Integrated companies, they too are not ripe for judicial review (see Town of Orangetown v Magee, 88 NY2d 41, 50 [1996]; Montano v City of Watervliet, 47 AD3d 1106, 1111 [2008]). Further, because plaintiff, the State of New York, is not a “person” subject to suit under 42 USC § 1983 (see Will v Michigan Dept. of State Police, 491 US 58, 71 [1989]; Matter of Gable Transp., Inc. v State of New York, 29 AD3d 1125, 1128 [2006]; Cavanaugh v Doherty, 243 AD2d 92, 97 [1998]), defendant’s second counterclaim as asserted against plaintiff is also properly dismissed on this basis. With respect to the civil rights claims asserted against the state officials, dismissal is required on the additional ground that they were procedurally improper. While defendant can assert a joint counterclaim in its answer against plaintiff and the state officials, who are not parties to this action but are “alleged to be liable” (CPLR 3019 [a]), service of the answer on the state officials needed to be accompanied by a summons (see CPLR 3019 [d]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:6, at 212; see also Linzer v Bal, 184 Misc 2d 132, 136-137 [Civ Ct, NY County 2000]; Wyler v Wyler, 5 Misc 3d 1031[A], 2004 NY Slip Op 51653[U], *2 [Sup Ct, Nassau County 2004]). As this was not done here, the counterclaim as asserted against the state officials must be dismissed on this additional ground.
Defendant’s remaining contentions, to the extent not addressed herein, have been deemed academic in light of our decision or found to be without merit.
Mercure, J.R, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.