12-3136-cv
*Dover Limited v. T.J. Morrow, T.J. Morrow P.C.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
SUSAN L. CARNEY,
*Circuit Judges.*

---

DOVER LIMITED,

*Plaintiff-Appellee,*

-v.-                                          12-3136-cv

T.J. MORROW, T.J. MORROW P.C.,

*Defendants-Appellants.*

---

FOR APPELLANTS:      (*Pro Se* Attorney) T.J. Morrow,
Morrow & Co., New York, NY

FOR APPELLEE:        No Appearance; No Opposition brief;
expressly waived

Appeal from the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED.**

Defendants-Appellants T.J. Morrow and T.J. Morrow P.C. appeal from a judgment following a jury trial held May 14-16, 2012, before the United States District Court for the Southern District of New York (Swain, J.) and an order denying Defendants' motion for new trial and renewed motion for judgment as a matter of law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Defendant Morrow is an attorney in private practice in New York. At the time of the events in question, Morrow practiced through a professional corporation bearing his name. That entity, T.J. Morrow P.C., is a separate defendant in this action. Plaintiff Dover Limited is a Hong Kong investment management company. In 2006, Morrow traveled to Singapore with Thomas Begley to propose a joint business deal to Dover's board of directors. The parties agreed, and following this meeting, Dover transferred $900,000 to Morrow's attorney escrow account as a loan to Begley to complete the proposed deal.

Ultimately the venture never materialized. Nonetheless, the $900,000 was disbursed to Begley, Morrow, and other entities. Morrow received $300,000 as a "structuring fee" and an additional $100,000 as a "legal fee," for his role in the abortive transaction. Afterwards Dover brought claims against Morrow and T.J. Morrow P.C. (collectively, "defendants") for fraud, breach of fiduciary duty, breach of contract, unjust enrichment, violations of the Securities Exchange Act, and conversion. The district court dismissed the securities fraud claim before trial. At trial, the jury found neither defendant liable for breach of contract or fraud. The jury found Morrow, as an individual, liable for conversion and breach of fiduciary duty, and both Morrow and T.J. Morrow P.C. liable for unjust enrichment. The district court, however, granted Morrow's post-trial motion to dismiss the conversion claim. Dover did not file a cross-appeal.

On appeal, defendants make three arguments. First, Morrow contends that the district court improperly charged the jury on the breach of fiduciary duty claim. Second, Morrow argues that the district court should have dismissed the fiduciary duty claim as a matter of law, and both defendants argue that the district court should have

3

dismissed the unjust enrichment claim as a matter of law. Finally, for reasons that are not clear, an exhibit that was never introduced as evidence was assertedly available to the jury during its deliberations. Defendants contend that, as a consequence of the first and third errors, they are entitled to a new trial. For the reasons stated below, we reject each of these arguments.

Jury Instructions:

Morrow argues that in order to find him liable for breach of a fiduciary duty, his actions must have been a "substantial factor" in causing Dover's loss. Since the district court did not instruct the jury on the "substantial factor" test, Morrow claims, he is entitled to a new trial. Morrow misapprehends the law.

As an initial matter, Morrow concedes that he did not preserve this objection and that we review for plain error. Consequently, we will not reverse unless "taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law." *Luciano v. Olsten Corp.*, 110 F.3d 210, 218 (2d Cir. 1997).

In arguing for the "substantial factor" jury instruction, Morrow seems to suggest that it is a more

4

stringent causation standard than ordinary proximate cause. That is incorrect. New York courts have two "substantial factor" tests for proximate causation. When there are intervening, superceding, or multiple causes creating tort damages, New York applies a "substantial factor" test to determine ordinary proximate causation. In unjust enrichment or restitution cases, however, New York courts have also used a "substantial factor" test for proximate causation that is more generous to plaintiffs. *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 907 n. 7 (2d Cir. 1998).

In this case, the district court instructed the jury to determine whether the plaintiff's loss was a "direct result of" Morrow's breach of fiduciary duty and the jury awarded Dover only what Morrow allegedly misappropriated. Accordingly, the district court applied the more stringent standard; Morrow's rights were not affected.

Fiduciary Duty and Unjust Enrichment:

Defendants argues that the district court erred in failing to dismiss the fiduciary duty and unjust enrichment claims against them after dismissing the conversion claim. Specifically, Morrow contends that the money he took was funds loaned by Dover to Begley. Since a creditor ceases to

5

have an ownership interest in loan proceeds once they are distributed to the debtor, Morrow argues, even if his taking was wrongful, it was not a wrong against Dover.

This argument lacks merit. It is true, as Morrow points out, that a conversion claim requires that the plaintiff have a possessory interest in the converted property. *Citadel Mgt. Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 147 (S.D.N.Y. 2000). The district court, however, dismissed Dover's conversion claim, and Dover does not challenge that ruling.

Breach of fiduciary duty, on the other hand, does not have such exacting requirements. It is a broad claim, based on damage resulting from a breach of trust, not the ownership of specific property. *Penato v. George*, 52 A.D.2d 939, 942 (2d Dept. 1976). Unjust enrichment is similarly based on "broad considerations of right, justice and morality." *New York v. Int'l Asset Recovery Corp.*, 56 A.D.3d 849, 852-53(3d Dept. 2008). New York courts have found that a defendant may be liable for unjust enrichment even though the plaintiff technically did not have legal title to the misappropriated property. *Id.* The jury concluded that Morrow created a relationship of trust with Dover and abused that

6

relationship for his own gain. The record supports such a finding and we will not disturb it here.

Erroneously Admitted Evidence:

Sometime following the trial, Morrow claims to have found a two-page email exchange between one of Dover's directors, Tom Begley, and several other persons in a box that purportedly contained all the evidence that had been before the jury during its deliberations. The email exchange was pre-marked as plaintiff's exhibit 38, but was never admitted into evidence. It may be that the email was given to the jury in place of the properly admitted exhibit 38. Whether or how this happened is unclear. Morrow contends that opposing counsel intentionally switched the exhibits, that the email prejudiced him, and that he is therefore entitled to a new trial.

We need not address how, or for that matter whether, at the time of the jury's deliberations, the exhibits were switched to determine that Morrow is not entitled to a new trial. For the purposes of our analysis only, we will assume that the email in question was before the jury during their deliberations. That fact is of no import. "[E]ven an erroneous evidentiary ruling will not lead to reversal

unless affirmance would be inconsistent with substantial justice. . . . We will not conclude that a substantial right was affected unless it is likely that in some material respect the factfinder's judgment was swayed by the error." *Perry v. Ethan Allen*, *Inc.*, 115 F.3d 143, 150 (2d Cir. 1997) (quotations omitted).

Here, Morrow was neither a sender, a recipient, nor even mentioned in what Morrow claims was the email. Moreover, the email exchange took place in 2005, before Morrow's earliest contact with Dover. The email does, however, criticize Tom Begley. This actually bolsters Morrow's theory at trial that Begley was responsible for the misappropriation of Dover's money. Since the erroneously admitted email did not prejudice Morrow, he is not entitled to a new trial.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk